### BRODY v. COLUMBIA PICTURES CORPORATION.

Civ. No. 2679.

United States District Court
D. Massachusetts.

April 13, 1950.

Edward Norman Brody, pro se.

Killion, Connolly & Williams, Bernard J. Killion, James F. Connolly, Boston, Mass., Louis D. Frohlich and Irving Moross, New York City, for defendant.

SWEENEY, Chief Judge.

This is a copyright infringement action involving a three-act play, "Against the Law", which was written between 1939 and 1941, and copyrighted as an unpublished play.

Findings of Fact.

The plaintiff accuses the defendant of pirating "dialogues, situations, and ideas" from his unpublished copyrighted play in thirty-four pictures issued by the defendant. When the plaintiff wrote his play he sent one copy to the Library of Congress, kept a second copy, and mailed the only other one to a Hollywood actor and producer named Orson Welles. So far as the evidence shows, Welles had no connection whatsoever with the defendant during any of the critical time. There is no evidence that Welles even read the manuscript. There is evidence that it was returned to the plaintiff with the notation stamped on it, "Not read".

The plaintiff's charges of plagiarism are not well founded. The following instances, taken at random from some of the accused pictures, show the only similarity to be in the use of common words, expressions and gestures. Referring to the defendant's picture, "Riders of the Northwest Mounted", the plaintiff testified as follows: "In this picture this line was spoken, 'So you won't talk!!' In my play in a hospital scene the following line was written, 'So, he won't talk!!' In picture a line was spoken, 'I was in bed.' In my play, James Marston tells District Attorney upon cross-examination, 'I was in bed.' There were several other lines taken from my play which I cannot recall at the time."

Referring to the defendant's picture, "My Sister Eileen", the plaintiff testified as follows: "In the picture 'My Sister Eileen' it shows the father of the girls walking around the room back and forth with both hands in his pocket in the living room—in my play Danny Ross is doing the same in Act 1—Scene 1. In the picture Mr. Baker says to one of the girls that they will go to a night club. In my play Act 1, Scene 1, the District Attorney says that he will call for the girl (Betty Marston) and they will go to a night club."

These instances are typical of the plaintiff's other claims, and clearly demonstrate that his claims are too broad. Insofar as the plot is concerned, plaintiff stated in open court that he is not charging a theft of it but only such portions of it as are encompassed by certain dialogues of which the above two examples are representative. I find as a fact that there is no similarity between the plaintiff's copyrighted article and any of the defendant's pictures that would not be the result of pure coincidence. I find also as a fact that the defendant never had access to the plaintiff's copyrighted article.

Conclusions of Law.

From the foregoing I conclude and rule that none of the thirty-four pictures specified by the plaintiff violates any of the plaintiff's rights.

The action is. dismissed.